IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01434-PAB-KLM

ANTHONY OWENS,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, a foreign corporation registered to do business in Colorado,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion for a Stay on Current Discovery Deadlines** [#44][1] (the "Motion"). Plaintiff seeks a stay based on Defendant's pending Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#22], filed on June 18, 2014. Discovery in this matter commenced on August 21, 2014, and closes on February 20, 2015. [#41].

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL

---

[1] "[#44]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiff, as Plaintiff seeks the stay. The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendant has not demonstrated that proceeding with the discovery process presents an *undue* burden. The parties agree that proceeding will be wasteful if the District Judge grants the Partial Motion to Dismiss [#22]. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the remainder of the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Accordingly, the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant's Partial Motion to Dismiss [#22] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#44] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of the

Partial Motion to Dismiss [#22].

IT IS FURTHER **ORDERED** that the parties shall file a joint status report regarding the need for additional discovery and the time frames for completion of discovery within ten (10) days after entry of an Order adjudicating the Partial Motion to Dismiss [#22].

DATED: November 24, 2014 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge