IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01434-PAB-KLM

ANTHONY OWENS,

     Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, a foreign corporation registered to do business in Colorado,

     Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Partial Motion to Dismiss filed by defendant Nationstar Mortgage LLC ("Nationstar"). [Docket No. 22]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

Plaintiff brings various claims against Nationstar, his mortgage servicer, related to the foreclosure sale of plaintiff's home.[1] As relevant to the instant motion, plaintiff alleges that, in March 2013, after plaintiff had received multiple delinquency notices as well as a Notice of Sale on his home, he received a notice that offered him the opportunity to participate in a "Trial Period Plan" ("TPP") for a permanent loan modification. Docket No. 1-1 at 2-4, ¶¶ 15-32. Under the terms of the TPP, plaintiff was required to make three monthly payments of $1,516.36 between May and July 2013 to

_____

[1]The following facts are drawn from plaintiff's complaint [Docket No. 1] and are assumed to be true for purposes of resolving defendant's partial motion to dismiss. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

qualify for a permanent loan modification. *Id.* at 4, ¶ 32. According to plaintiff, the TPP Notice constituted a binding contractual offer of a permanent loan modification that plaintiff could accept by making the three payments. *Id.* ¶¶ 38, 40. Plaintiff made all three payments as required by the TPP. *Id.* ¶ 33.

After making his third payment, plaintiff contacted Nationstar to inquire about the status of his loan modification. *Id.* ¶ 34. Nationstar informed plaintiff that his loan was still in underwriting and told him to call back the following week. *Id.* The next week, plaintiff contacted Nationstar again and was told that his loan status was uncertain. *Id.* ¶ 35. Nationwide again told plaintiff to call back the following week. *Id.* The next time plaintiff called Nationstar, it informed plaintiff that his home had been sold in an auction. *Id.* ¶ 36.

## II. LEGAL STANDARD

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim. Fed. R. Civ. P. 12(b)(6); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado*, 493 F.3d at 1215 (quotation and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted).  The "plausibility" standard requires that relief must plausibly flow from the facts alleged, not that the facts themselves be plausible.  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (quotation and citation omitted).

## III.  ANALYSIS

### A.  Economic Loss Rule

Nationstar argues that plaintiff's claims for fraud (first claim), negligent misrepresentation (second claim), fraudulent non-disclosure (third claim), and fraudulent concealment (fourth claim) are barred by the economic loss rule.  Docket No. 22 at 6-7.  The economic loss rule is a judicially-created rule under which "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law."  *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009) (citing *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1259-62 (Colo. 2000)).  A duty is considered independent of a contract when two conditions are satisfied: "[f]irst,

the duty must arise from a source other than the relevant contract"; and "[s]econd, the duty must not be a duty also imposed by the contract. That is, even if the duty would be imposed in the absence of a contract, it is not independent of a contract that memorializes it." *Id.* at 962 (quotation and alteration marks omitted).

Nationstar argues that its alleged duty to provide plaintiff with a permanent loan modification stems from the TPP, which plaintiff alleges was a binding contract. Docket No. 22 at 7. Plaintiff responds that Nationstar owed independent duties to abstain from fraud and to act reasonably under the circumstances. *See id.* at 9-10.[2]

In Colorado, application of the economic loss rule to bar fraud and negligent misrepresentation claims depends on the terms of the contract. Where a contract, by its language, subsumes an otherwise-applicable common law duty (such as a duty to make truthful representations or a duty of reasonable care), then the economic loss rule applies to bar any claims based on that duty. *See BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 75 (Colo. 2004) (economic loss rule barred negligent misrepresentation claim where construction contract defined the parties' obligations to inspect for quality and report any nonconforming work); *A Good Time Rental, LLC v. First Am. Title Agency, Inc.*, 259 P.3d 534, 541 (Colo. App. 2011) (negligent misrepresentation claim barred where defendant falsely represented that it was performing a contractual obligation). Where the contract does not subsume common-law duties, Colorado courts have

---

[2]Plaintiff also argues that Colorado's statute of frauds operates to bar application of the economic loss rule. Docket No. 43 at 3-7 (citing *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504 (Colo. 2006)). The case cited by plaintiff provides no support for such an expansive holding. *Premier Farm Credit* held only that a defendant could not raise a defense to nonperformance of a credit agreement based on an asserted oral promise to forbear from calling the loan due. *See id.* at 509, 515-16.

declined to apply the economic loss rule.  *See Haynes Trane*, 573 F.3d at 963 (holding

that an "economic-loss-rule argument fails" where "the tort duty alleged . . . is not

duplicated in [the relevant] contract"); *see also In re Estate of Gattis*, 318 P.3d 549, 556

(Colo. App. 2013) (economic loss rule did not bar claim for nondisclosure of defect in

real estate contract where the contract did "not set out a standard of care or incorporate

one by reference" and buyer did not disclaim reliance on seller's representations).

Colorado imposes a common law duty "to abstain from fraud."  *Haynes Trane*,

573 F.3d at 962; *see also Town of Alma*, 10 P.3d at 1263 (observing that a "common

law fraud claim is based on violation of a duty independent of contract").  Federal courts

applying Colorado law have declined to apply the economic loss rule to negligent

representation claims where a contract does not explicitly describe a duty of care.  *See*

*Bartch v. Am. Family Mut. Ins. Co.*, No. 13-cv-01931-RBJ, 2014 WL 1924269 at *3 (D.

Colo. May 13, 2014) ("claims of negligent misrepresentation are not necessarily barred

by the economic loss rule as long as they are based on . . . duties that exist

independently of the contract and are not subsumed within the contract"); *see also*

*Level 3 Commc'ns, LLC v. Liebert Corp.*, 535 F.3d 1146, 1163 (10th Cir. 2008)

(economic loss rule did not bar misrepresentation made in the course of modifying a

purchase order).

The Court cannot determine, based on the record before it, whether or not the

TPP subsumes Nationstar's common law duties to abstain from fraud or to act with

reasonable care.  Both parties appear to agree, at least for the purposes of this motion,

that the TPP governed the parties' respective obligations with respect to the loan

modification, but neither side has produced the TPP in its entirety.  Moreover,

Nationstar does not argue that the TPP subsumes its common law duties.  *See* Docket

No. 22 at 7.  Instead, Nationstar argues only that, because the TPP governs its "duty to

provide Plaintiff with a permanent loan modification," plaintiff cannot show that

Nationstar owed any duty independent of the contract.  *Id.*  This misses the point.

Plaintiff's tort claims are based on Nationstar's alleged misrepresentations concerning

(1) plaintiff's eligibility for a loan modification upon compliance with the payment plan set

forth in the TPP, and (2) the status of plaintiff's loan modification after plaintiff made the

three payments.  *See* Docket No. 1-1 at 5, ¶ 48.  Even if the duty to provide the

modification was not itself independent of the contract, Nationstar owed independent

duties to abstain from fraud and to act with reasonable care, as long as the TPP did not

explicitly subsume those duties.  Because the Court cannot examine the TPP and

determine whether or not it subsumes Nationstar's common law duties, the Court

cannot hold at this stage of the litigation that plaintiff's claims are barred by the

economic loss rule.

### B.  Intentional Misrepresentation

Nationstar argues that plaintiff's first claim for relief, intentional

misrepresentation, fails to satisfy the heightened pleading standards of Rule 9(b).[3]

Specifically, Nationstar argues that plaintiff has alleged no facts showing that the

---

[3]In its reply, Nationstar introduces a new argument, that plaintiff's negligent misrepresentation claim also fails to satisfy Rule 9(b).  *Compare* Docket No. 22 at 8-9 *with* Docket No. 43 at 7-8.  Nationstar did not challenge plaintiff's negligent misrepresentation pleading in its motion, and plaintiff has not had an opportunity to respond to Nationstar's argument.  Plaintiff has not moved for leave to file a surreply. The Court declines to consider Nationstar's new argument on reply.  *E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007) ("When a party puts forth new arguments in a reply brief, a court may avoid error by . . . choosing not to rely on the new arguments in determining the outcome of the motion").

supposed misrepresentation–that plaintiff's loan was in underwriting–was untrue.

Docket No. 22 at 9.[4]  Plaintiff responds that he satisfied Rule 9(b)'s requirements by

alleging that Nationstar "blatantly lied" to him and that Nationstar "knew or should have

known" that the statement it made concerning plaintiff's loan status were false.  Docket

No. 31 at 13.

The elements of a claim for intentional misrepresentation are as follows: "[1] a

false representation of a material fact; [2] the party knew such a representation was

false; [3] the party who the representation was made to did not know of its falsity, and;

[4] the representation was made with an intent that it be acted upon, and results in

damages."  *Shaw v. 17 West Mill St., LLC*, 307 P.3d 1046, 1050 n.5 (Colo. 2013).  Rule

9(b) requires that, in a pleading alleging fraud, the circumstances constituting fraud or

mistake must be stated with particularity.  *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th

Cir. 1994) (holding that Rule 9(b) applies to common law fraud claims brought in federal

court); *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006).  A complaint alleging fraud

must "set forth the time, place and contents of the false representation, the identity of

the party making the false statements and the consequences thereof."  *Koch v. Koch*

*Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citing *Lawrence Nat'l Bank v.*

*Edmonds (in re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

Nationstar argues that plaintiff's intentional misrepresentation claim must be

dismissed because plaintiff has not alleged facts that show the falsity of its statement

---

[4]Nationstar does not challenge plaintiff's allegations concerning any other elements of his fraud claim.

that plaintiff's loan was in underwriting.  Docket No. 22 at 8-9.[5]  In other words,

Nationstar claims that plaintiff must identify the basis for his allegation that the

statements were false.  Docket No. 43 at 8.  Nationstar cites no Tenth Circuit case that

imposes such a requirement, and the Court is aware of none.  *See Galvin v. McCarthy*,

545 F. Supp. 2d 1176, 1185 (D. Colo. 2008) (holding that Rule 9(b) does not require

plaintiff to "state the basis for concluding that the statements made were fraudulent").

"Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual

ground upon which they are based."  *Koch*, 203 F.3d at 1236 (citation and quotation

omitted).  Plaintiff has alleged sufficient facts to render his intentional misrepresentation

claim plausible and to put Nationstar on notice of the basis for plaintiff's claim.  Plaintiff

has alleged that Nationstar sent him a "Trial Period Plan Notice" on March 25, 2013,

which indicated that if plaintiff made specified payments during the trial period, he would

be moved into permanent financing.  *See* Docket No. 1-1 at 3, ¶ 31, 4, ¶ 38.  Plaintiff

further alleged that he made the necessary payments, but that when he called

Nationstar to inquire about his permanent modification, Nationstar informed him that his

loan was in underwriting mere weeks before his home was sold.  *See id.* at 4, ¶¶ 36, 38.

Affording plaintiff the benefit of reasonable inferences, *Bryson*, 534 F.3d at 1286,

plaintiff's allegations regarding the alleged statements are sufficient to survive a Rule

12(b)(6) motion.

---

[5]Nationstar does not specifically argue that plaintiff fails to identify the time, place, and contents of the false representation, *see* Docket No. 22 at 8-9, and as a result, the Court will not address those issues.

### C.  CCPA

To state a claim for relief under the Colorado Consumer Protection Act ("CCPA"), a plaintiff must show "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003).

Nationstar argues that plaintiff's CCPA claim fails because plaintiff's claim does not satisfy the CCPA's "public impact" requirement.  Docket No. 22 at 10.  The Court agrees.  Relevant considerations to determine whether a challenged practice significantly impacts the public include "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Rhino Linings*, 62 P.3d at 149.  Plaintiff alleges only the bare legal conclusion that Nationstar's conduct "significantly impacts the public as actual or potential consumers of [Nationstar's] goods, services, and/or property."  Docket No. 1-1 at 8, ¶ 83.  This conclusory allegation is insufficient to state a claim for which relief may be granted.  *See Ivar v. Elk River Partners, LLC* , 705 F. Supp. 2d 1220, 1242 (D. Colo. 2010) (allegation that "[p]laintiffs are informed and believe, and on that basis allege, that [d]efendants' acts and/or omissions injured [p]laintiffs and other actual or potential

9

consumers of [d]efendants' goods, services, or property," without more, is insufficient to state a claim for relief under the CCPA).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Nationstar Mortgage LLC's Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 22] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiff Anthony Owens' sixth claim for relief is dismissed with prejudice.  Plaintiff's first, second, third, fourth, fifth, seventh, and eighth claims remain pending.

DATED March 23, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge